# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAUNTAY JERMAINE WHEATON,

    Petitioner,

vs.

MR. MCDANIEL, et al.,

    Respondents.

Case No. 3:06-CV-00397-LRH-(VPC)

**ORDER**

    Before the Court are the First Amended Petition for Writ of Habeas Corpus (#14), Respondents' Motion to Dismiss (#29), Petitioner's Opposition (#42), and Respondents' Reply (#45). The Court denies the Motion (#29) because Petitioner has exhausted his available state-court remedies for Ground Three of his First Amended Petition (#14).

    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

    "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law

which applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

The state charged Petitioner with burglary while in possession of a firearm, conspiracy to commit robbery, robbery with the use of a deadly weapon, and two (2) counts of open murder with the use of a deadly weapon.[1] Ex. 12 (#31-6, pp. 2-7).[2] After a trial, the jury found Petitioner guilty of first-degree murder in the two open murder charges, as well as guilty on all other charges. Ex. 61 (#36-2, pp. 13-14). The district court convicted him of the same. Ex. 68 (#36-4, pp. 4-5). Petitioner appealed, and he filed an opening brief. Exs. 76A (#36-5, pp. 9-23), 76B (#36-6, pp. 2-18). The Nevada Supreme Court affirmed. Ex. 81 (#36-8, pp. 22-28). Petitioner then filed a petition for a writ of habeas corpus in state court. Ex. 84 (#36-9, pp. 13-24). The district court appointed counsel. Exs. 87 (#37-2, p. 2), 89 (#37-2, pp. 9-10). Counsel filed a supplemental brief. Ex. 92 (#37-3). The district court denied the petition. Ex. 96 (#37-5, pp. 19-23). Petitioner appealed, and the Nevada Supreme Court both affirmed and remanded for entry of an amended judgment of conviction that showed that petitioner went to trial. Ex. 115 (#37-10, pp. 17-20). The district court entered that amended judgment of conviction. Ex. 116 (#37-10, pp. 23-24).

In Ground Three of the First Amended Petition (#14), Petitioner claims that the instruction defining implied malice minimized the state's burden of proof and rendered his conviction invalid

---

[1] Open murder is a charge of first-degree murder which includes the lesser offenses of second-degree murder, voluntary manslaughter, and involuntary manslaughter. Nev. Rev. Stat. 175.501; Miner v. Lamb, 464 P.2d 451, 453 (Nev. 1970). The use of a deadly weapon enhances the sentence with a term equal and consecutive to the term for the underlying offense. Nev. Rev. Stat. § 193.165.

[2] The Court is using the exhibits in support of the Motion to Dismiss (#29). Page numbers in parentheses refer to the Court's electronic images of the documents.

under the guarantees of due process of law in the Fifth and Fourteenth Amendments. The instruction stated:

> Express malice is that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof.
>
> Malice may be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart.

Ex. 58A-2, Instruction 26 (#35-6, p. 8). Petitioner presented the same claim to the Nevada Supreme Court on direct appeal. Ex. 76B, pp. 20-23 (#36-6, pp. 11-14). The Court is not persuaded by Respondents' argument that additional citations to state law in Ground Three make it unexhausted. The issue before the Court is whether the instruction violated federal constitutional guarantees, not whether the instruction violated state law. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Ground Three is exhausted.

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#29) is **DENIED**.

IT IS FURTHER ORDERED that Respondents shall have forty-five (45) days from the date on which this Order is entered to answer, or otherwise plead to, the First Amended Petition (#14). If Respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED this 13th day of February, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE